## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAFAEL JESUS ALMEIDA, JR.,

     Plaintiff,

     v.                         No. CIV 13-1228 MV/RHS

PAUL WAINWRIGHT, DEPUTY D.A.,
SAN JUAN COUNTY,
STATE OF NEW MEXICO,

     Defendants.


### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in 2008, Plaintiff was convicted in a state court criminal proceeding.   In 2011, the supreme court reversed the conviction, and a Nolle Prosequi was filed in the district court.   On the basis of the reversal and the Nolle Prosequi, Plaintiff asserts that his prosecution was malicious and vindictive, and his incarceration amounted to false imprisonment, in violation of his rights under the Eighth and Fourteenth Amendments.   He alleges that "the State of New Mexico through its [prosecutor] . . . vindictively prosecuted Plaintiff on frivolous charges."   He also brings a claim against Defendant San Juan County based on the allegation that this was "where the matter was held in court."   For relief, Plaintiff seeks damages.

Plaintiff may not pursue his § 1983 claims against Defendant Wainwright ("Deputy D.A.").   "We have held that '[i]t is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions.' "  *Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1480 (10th Cir. 1991)). "And this immunity extends to 'conditional prosecutorial decisions,' . . . so long as the threat of prosecution is not tied to a demand 'manifestly or palpably beyond [the prosecutor's] authority.' Threatening to bring charges for conduct a prosecutor believes to be felonious could hardly be manifestly or palpably beyond his authority."  *Blazier v. Larson*, 443 F. App'x 334, 336 (10th Cir. 2011) (citations omitted); *see also Pierce v. Gilchrist*, 359 F.3d 1279, 1301 (10th Cir. 2004) (noting correctness of district court's finding of prosecutor's immunity "to claims for aiding and abetting false testimony, coaching and directing the production of false reports").   Defendant Wainwright's alleged actions fall squarely within his prescribed prosecutorial authority, and he

therefore has complete immunity from Plaintiff's § 1983 complaint.

The complaint's only allegation against Defendant San Juan County is that the prosecution occurred there.   "[T]o hold the County liable under § 1983, [Plaintiff] must first demonstrate (1) that [a county] officer deprived [him] of a constitutional right, and (2) that a County policy or custom was the moving force behind the constitutional deprivation."   *Layton v. Board of County Comm'rs.*, 512 F. App'x 861, 867-68 (10th Cir. 2013); *see also Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002).   The complaint's allegations do not meet either element of this standard, and the Court will dismiss Plaintiff's claims against the County.

The Court also will dismiss Plaintiff's claims against Defendant State of New Mexico.   In a § 1983 action against a state, "the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "   *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)).   No relief is available on Plaintiff's complaint against Defendants, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED with prejudice, otherwise the complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE